Verdict for defendant.

## RICHARDS *vs.* PEARL and PHELPS.

If the endorsee of a note not negotiable, commence an action on the note, in the name of the original payee, and in his name obtain judgment and execution, and cause such execution to be levied on personal estate, the property of such personal estate, is by the appraisal vested in the endorsee, and not in the original payee.

But to shew this right in the endorsee, it is necessary for him to produce a copy of the judgment, before he can read in evidence the execution and levy.

THIS was an action of trespass with force and arms, for that, at ————, on the 16th day of January, 1794, the defendants, with force and arms, took and drove away and converted to their own use, a yoke of oxen and a heifer, the property of the plaintiff, of the value of ————.

*Chittenden,* June, 1797.

Plea—*Not Guilty.*

*House,* for the plaintiff, stated that in the year 1790, Timothy Pearl, one of the defendants, gave his promissory note to W. Goodrich for £15, which note had been sold and endorsed by William Goodrich, and had through several hands, come *bona fide* to Richards the plaintiff.—That the note being endorsed to the plaintiff, and the equitable property in him, he brought an action against Timothy Pearl, in the name of William Goodrich, as the note was not negotiable.—That judgment was recovered in that action against Timothy Pearl, who well knew that the note was the property of

15

*Chittenden,*
*June,*
*1797.*

*Richards*
*vs*
*Pearl and*
*Phelps.*

the plaintiff.—That the plaintiff took out execution on that judgment, and caused it to be levied, by a proper officer, on the aforesaid oxen and heifer, then the property of the said Timothy Pearl.—That the property was thereupon legally appraised to satisfy the execution, and delivered to the plaintiff, who had a right to receive them.—That Timothy Pearl took out two writs of attachment against William Goodrich—one in his own name, and one in the name of A. Mansfield, and delivered them to Joseph Phelps, the other defendant, who was then a Constable, and caused the oxen and heifer to be taken from the plaintiff, as the property of William Goodrich.

The sale and endorsement of the note in blank by William Goodrich to W. C. was proved, and that it came, *bona fide,* and for a valuable consideration, to the plaintiff, and that the plaintiff had notified Timothy Pearl, who had proposed several modes of settling the demand with the plaintiff.

*Adams,* Deputy Sheriff, was produced to prove the levy of the execution on the oxen and heifer, and the execution was also offered in evidence.

*D. Chipman,* for defendants, objected that the execution alone was not sufficient evidence, and ought not to be read, as it could not appear from the execution alone, that it was issued on a judgment obtained on the note in question.—That to entitle the plaintiff to read the execution in evidence, it was necessary that he should shew the record of the judgment, which might connect the note and execution.

The Court were unanimously of opinion, that the plaintiff, Richards, by virtue of the note and endorsement, had a right to receive payment on the note, or on execution obtained upon it, in the name of William Goodrich.—That the property of the oxen and the heifer, became, on the appraisal, vested in Richards, the owner of the note—not in William Goodrich, the nominal plaintiff. But it could not appear by the execution alone that it issued on a judgment obtained on the note in question. This was a point necessary to be proved, and can be proved by the record only. The record or a copy of it can be had, and this being the best evidence, no other can be admitted.

The cause was continued on terms.